```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FIDEL CILTAS,

        Plaintiff,
                                        MEMORANDUM & ORDER
           -against-
                                        20-cv-2520 (KAM)
MARK WANG; CHRISTIAN HAYES; DAVID
GUST; TIM COOK; JOHN DOE AMERICAN       NOT FOR PUBLICATION
EXPRESS EXECUTIVE; JOHN DOE
BLACKSTONE EXECUTIVE; JOHN DOE
WALL STREET EXECUTIVE; UMIT
CILTAS; CANDAS GULER; and CUNEYT
OZDEMIR,

        Defendants.
----------------------------------X
```

**MATSUMOTO, United States District Judge**:

Plaintiff Fidel Ciltas ("plaintiff"), proceeding *pro se,* commenced the instant action on June 3, 2020. (ECF No. 1, Complaint ("Compl.").) Plaintiff has paid the statutory filing fee to commence this action. For the reasons discussed below, the complaint is dismissed as frivolous.

### BACKGROUND

Plaintiff's statement of claim alleges the following:

> I have been living in an Attempted Murder settings in eight (8) years with the last five (5) years in Genocide. Defendants Mark Wang, Christian Hayes, David Gust who are Hilton Grand Vacations' Executives have terminated my position with false statement and then they've placed hidden cameras at my places, car, and hacked into my electronic devices since 2012 with defendants Umit Ciltas, Candas Guler and Cuneyt Ozdemir. Defendant Tim Cook along with other Wall Street Executives have threatened people and organized International Mafia so

1

> that people including my girlfriend and ex-girlfriend can not contact me . . . .

(Compl. 11.)

In the complaint, plaintiff provides a seven-page timeline, from 2008 through 2020, which plaintiff alleges reflects the attempts by various companies and institutions to murder him. By way of example, plaintiff alleges that in 2012, hidden cameras were placed in his bathroom, bedroom, and car. (*Id.* 16.) He further asserts that his electronic devices, including a laptop and smart phone, were hacked. (*Id.*) Plaintiff also alleges that the media in Turkey was watching him through hidden cameras and that AT&T and Time Warner Cable have hacked his cable and internet services. (*Id.* 17.) In addition, plaintiff claims that he has been "chased" by spies, the New York City Fire Department, the New York City Police Department, and ambulances. (*Id.* 21.) For relief, plaintiff seeks his "freedom" and for "the court to hold Genocide and Attempted Murder criminals accountable for their crimes and sentence them." (*Id.* 12.)

## DISCUSSION

A federal court must "liberally construe[ ]" pleadings by *pro se* parties, who are held to less stringent standards than attorneys. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted); *accord Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir.

2012). Nevertheless, a district court may dismiss a *pro se* action *sua sponte*—even if the plaintiff has paid the requisite filing fee—if the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy . . . ." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 33 (1992); *Francis v. Miraj,* No. 19-CV-753, 2019 WL 499772, at *2 (E.D.N.Y. Feb. 8, 2019) (dismissing *pro se* complaint where plaintiff's allegations are irrational and fail to provide defendants with notice of the claims against them); *Glass v. U.S. Presidents since 1960*, No. 17-CV-3141, 2017 WL 4621006, at *3 (E.D.N.Y. Oct. 12, 2017).

Even when read with the "special solicitude" due *pro se* pleadings, plaintiff's complaint must be dismissed as frivolous. Plaintiff's allegations rise to the level of the irrational, and there is no legal theory on which he can rely in advancing them. *See Denton*, 504 U.S. at 33. Additionally, because the complaint is devoid of any basis in law or fact,

3

defects that cannot be cured by amendment, plaintiff is denied leave to file an amended complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (noting that where the problem with a complaint is "substantive[,] better pleading will not cure it" and leave to amend should be denied); *see also Curmen v. U.S. Govt.,* No. 18-CV-1546, 2018 WL 2324060, at *3 (E.D.N.Y. May 22, 2018) (dismissing fee-paid frivolous compliant and denying leave to amend).

## CONCLUSION

For the reasons set forth above, the instant action is dismissed as frivolous. *Fitzgerald*, 221 F.3d at 362. The Clerk of Court is respectfully directed to enter judgment, to serve a copy of this order, the judgment, and an appeals packet on plaintiff at the address of record, note service on the docket, and to close the case. Although Plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   October 20, 2020
         Brooklyn, New York

                                          /s/
                                  Kiyo A. Matsumoto
                                  United States District Judge